### Johanna Gertz, Defendant in Error, v. Clover Leaf Casualty Company, Plaintiff in Error.

### Gen. No. 21,581.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the October term, 1915. Reversed. Opinion filed January 17, 1916.

### Statement of the Case.

Action by Johanna Gertz, plaintiff, against the Clover Leaf Casualty Company, defendant, in the Municipal Court of Chicago, to recover on a policy of insurance. To reverse a judgment for plaintiff for $1,000, defendant prosecutes this writ of error.

The policy sued on was issued by a company which was succeeded by defendant, and was a health and accident policy, and plaintiff, the wife of insured, was named as beneficiary. The amount of the judgment was payable in case of death caused by accident.

It appeared that while loading coal some lumps fell, striking Gertz on the feet or legs. At the time he gave no exclamation or indication of injury, but continued

working, and neither then nor while delivering the coal or going home did Gertz mention coal falling on him. Witness was working on the opposite side of the wagon. The physician testified that the cause of death was diabetes mellitus, accompanied by a gangrenous condition of the foot incident to diabetic ulcer. It was amply proved that the insured had suffered for a long time from diabetes, and that for several years before his death had a diabetic ulcer of the foot, the ulcer being two inches broad and an inch long, exposing bones one-half inch to one inch deep. Insured meanwhile frequently complained about his foot. A few days before his death some of his fellow-workmen called on him, and to a suggestion that his foot hurt because coal dropped on it, Gertz replied: "No, I don't know nothing about coal dropping on it," and, again, he said, "I don't remember of any coal of any kind falling upon my leg." He was then apparently in full possession of his faculties.

The policy insured against, "bodily injuries, effected directly and independently of all other causes and solely through external, violent and accidental means." It also provided: "In the event of * * * injury due wholly or in part to or resulting directly or indirectly in or from * * * any disease or bodily infirmity, or * * * infection in any form or manner. * * * The Association shall not be liable." A further provision is: "Disability resulting from * * * abscesses, ulcers, and blood-poisoning, are classified as sickness, and are covered only under the sick benefit clauses of this policy."

The policy covered a variety of contingencies, with variant amounts to be paid, including not only death from accident, but loss of hands, feet, etc., indemnity while disabled from accident, partial disability, illness indemnity, and some eight or nine other contingencies, including death from sickness. It appeared that after insured died, plaintiff demanded payment

of the "illness indemnity" of the policy. This was paid, as well as the amount payable, "if the death of the member results from sickness," and she signed a receipt "in full settlement of all claims." Plaintiff was assisted by her daughter, an intelligent girl twenty years of age. The action was tried by the court without a jury.

BRADLEY, HARPER & EHEIM, for plaintiff in error; SAMUEL A. HARPER, of counsel.

LITZINGER, McGURN & REID, for defendant in error; EDWARD R. LITZINGER, of counsel.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. INSURANCE, § 667*—*when evidence sufficient to sustain finding that insured did not die as result of an accident.* In an action by the beneficiary named in a policy of accident insurance for the death of insured, alleged to be due to a lump of coal falling on insured's foot, evidence *held* to sustain a finding that insured did not come to his death by accident.

2. INSURANCE, § 421*—*when insurer not liable under policy for death due to blood poisoning or infection.* A policy of accident insurance providing that insurer should not be liable "in the event of * * * injury due wholly or in part to or resulting directly or indirectly in or from * * * any disease or bodily infirmity, or * * * infection in any form or manner, * * * *held* expressly to except death due to blood poisoning or infection through insured's foot, alleged to have been caused by an injury due to the fall of a piece of coal on the foot.

3. INSURANCE, § 488*—*when beneficiary estopped by settlement from maintaining action.* In an action by the beneficiary named in a policy of accident and health insurance to recover the amount payable in case of the accidental death of insured, where the policy also provided for an "illness indemnity," and an indemnity "if the death of the member results from sickness," and where it appeared that after the death of insured plaintiff was paid the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

amounts required by the policy in the last-named cases, signing a receipt "in full settlement of all claims," *held* that the action was barred, there being no evidence of fraud, and the right of action sought to be maintained depending upon contingencies and facts within the knowledge of plaintiff, so that she could settle with defendant on the basis of such knowledge, and, having done so, was precluded from asserting another claim.

4. INSURANCE, § 421*—*when claim for payment for accidental death due to blood poisoning not within policy.* Under a policy of accident and health insurance, which provides for a payment to beneficiary in case of the death of insured from sickness, a provision that disability resulting from ulcers and blood poisoning shall be classified as sickness excludes any claim for payments for accidental death, where it appears that insured died from an ulcer of the foot alleged to have been due to blood poisoning as the result of a lump of coal striking insured's foot.